UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENELOPE R. FLETCHER,

    Plaintiff,

v.                                      CASE NO: 8:10-cv-2597-T-23EAJ

HILLSBOROUGH COUNTY SCHOOL
BOARD,

    Defendant.
_____/

## ORDER

The pro se plaintiff sues (Doc. 1) on behalf of her minor grandchild under "Title II of Section 504 of the Americans with Disabilities Act of 1973" and alleges "retaliation for trying to enforce an [individual education plan (an "IEP")], including emotional and physical abuse, segregation, humiliation, harassment, and filing false charges causing a juvenile record . . . ." The defendant moves (Doc. 6) to dismiss and argues (1) that the complaint fails to adequately state whether the plaintiff sues under Title II of the Americans with Disabilities Act (the "ADA") or Section 504 of the Rehabilitation Act or both; (2) that the complaint fails to comply with Rule 10, Federal Rules of Civil Procedure; and (3) that the complaint fails to allege exhaustion of administrative remedies as required for a claim under either the ADA or the Rehabilitation Act. The plaintiff responds (Doc. 9) in opposition and requests summary judgment.

Notwithstanding her pro se status, the plaintiff must "conform to procedural rules." See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). Rule 8, Federal Rules of Civil Procedure, requires that a complaint provide notice to the defendant of the claim and the basis for the claim. Sams v. United Food & Commercial Workers Intern. Union,

866 F.2d 1380, 1384 (11th Cir. 1989).  In this instance, the complaint fails to identify unambiguously the law under which the plaintiff sues.  Nevertheless, both the ADA and the Rehabilitation Act require exhaustion of the administrative remedy.  M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1158 (11th Cir. 2006); N.B. v. Alachua County Sch. Bd., 84 F.3d 1376, 1378-79 (11th Cir. 1996).  Section 1415 of Title 20, United States Code, ("Section 1415") delineates the administrative review process for any matter "relating to . . . the provision of a free public education," such as a dispute over an IEP.  In this instance, the plaintiff fails to allege that she exhausted the administrative remedy outlined in Section 1415.  Rather, the plaintiff asserts that she attended a mediation with school board officials on November 18, 2010, and on the same day filed this action.[*]  However, Section 1415 requires that the plaintiff seek an administrative hearing and review before suing in federal court.

Accordingly, the defendant's motion (Doc. 6) is **GRANTED**, and the complaint is **DISMISSED**.  The plaintiff may file an amended complaint no later than **February 18, 2011**.  Before filing an amended complaint, the plaintiff should consider both the inherent difficulty in appearing pro se and, to the extent that the plaintiff lacks the means to retain legal counsel, the availability of gratuitous legal assistance from Tampa-area legal aid organizations, such as Bay Area Legal Services.  The amended complaint is susceptible to dismissal with prejudice to the extent that the plaintiff fails to address the

---

[*] Additionally, the plaintiff fails to adhere to several requirements for filing a complaint. Specifically, the plaintiff fails to comply with Local Rule 1.05(a), which describes the proper form (including double-spaced, twelve-point type) of a pleading or other paper tendered for filing in the Middle District of Florida.  The plaintiff fails to comply with Rule 10, Federal Rules of Civil Procedure, which requires "numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

issues delineated in this order and to otherwise comply with both the Local Rules and the Federal Rules of Civil Procedure.

ORDERED in Tampa, Florida, on February 2, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE