UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENELOPE R. FLETCHER, on
behalf of PMS, a minor,

    Plaintiff,

vs.                                    Case No: 8:10-cv-2597-T-23EAJ

THE HILLSBOROUGH COUNTY
SCHOOL DISTRICT,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

    The Defendant, The School Board of Hillsborough County, Florida ("Defendant"), incorrectly identified in the caption, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, moves to dismiss the amended complaint filed by the Plaintiff, Penelope R. Fletcher ("Plaintiff"), for failure to state a claim upon which relief can be granted. In support of this motion, the Defendant submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.    **The Plaintiff's Allegations.**

    On November 19, 2010, the Plaintiff, who is the biological grandmother and adoptive parent of PMS, a minor child, filed a complaint against the Defendant alleging that personnel at Eisenhower Middle School subjected PMS to "escalating retaliation" and tried to force PMS out of the school after the Plaintiff attempted to enforce PMS's Individualized

Education Program. (Dkt. 1). The Plaintiff originally brought her claims under the aegis of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and/or Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794. *Id.* The Defendant moved to dismiss the complaint for failure to comply with pleading requirements and failure to allege exhaustion of administrative remedies. (Dkt. 6). On February 2, 2011, the Court granted the Defendant's motion to dismiss, but permitted the Plaintiff to amend her complaint. (Dkt. 11). The Order noted that, "The amended complaint is susceptible to dismissal with prejudice to the extent that the plaintiff fails to address the issues delineated in this order and to otherwise comply with both the Local Rules and the Federal Rules of Civil Procedure." *Id.*

On February 16, 2011, the Plaintiff filed her amended complaint. (Dkt. 15). It does not address the issues delineated in the Court's Order. Specifically, the amended complaint does not address whether the Plaintiff exhausted her administrative remedies by requesting an administrative hearing. Instead, in the amended complaint, the Plaintiff is bringing her claims under the Child Abuse Prevention and Treatment Act ("CAPTA"), 42 U.S.C. § 5101 *et seq.*, and/or the No Child Left Behind Act ("NCLB"), Pub. L. No. 107-110, 115 Stat. 1425 (2002), and she apparently has abandoned her claims under both the ADA and Section 504.

II. **The Plaintiff's Amended Complaint Should Be Dismissed For Failure To Comply With Pleading Requirements.**

A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). A complaint also must not be vague or ambiguous and must place the defendant "on notice" of the plaintiff's claims. *Sams v. United Food & Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989). A

court should dismiss a complaint if it is plain that the plaintiff cannot prove any set of facts that would support his or her claims. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

The Plaintiff's amended complaint should be dismissed because the Plaintiff has failed to specify the provision of CAPTA that the Defendant allegedly has violated. Additionally, it is unclear whether the Plaintiff's claims are also brought under NCLB. To illustrate, paragraph 4 of the amended complaint states that "[a]lthough this claim is filed under CAPTA, other supporting laws of this complaint include: The No Child Left Behind Act, Public Law 107-110, enacted by the 107th Congress of the United States of America." The Defendant should not be required to speculate as to which law or laws comprise the basis of the Plaintiff's lawsuit. Accordingly, the Court should dismiss the Plaintiff's amended complaint for failure to comply with pleading requirements.

### III. The Plaintiff's Amended Complaint Should Be Dismissed Because CAPTA Does Not Create A Private Right Of Action.

CAPTA, which was enacted in 1974, provides federal funding to states for the prevention, assessment, investigation, prosecution, and treatment of child abuse and neglect. 42 U.S.C. § 5106a(a). It also established the National Center for Child Abuse and Neglect, an Advisory Board on Child Abuse and Neglect, an Inter-Agency Task Force on Child Abuse and Neglect, and a national clearinghouse for information about child abuse. 42 U.S.C. §§ 5101 – 5104.

Neither the Eleventh Circuit nor the district courts of Florida have addressed whether CAPTA creates a private right of action. However, the Sixth Circuit, the only Court of Appeals to have addressed this issue, has held that CAPTA does not create such a right either

directly or under a federal civil rights statute such as 42 U.S.C. § 1983.[1]  *See Tony L. v. Childers*, 71 F.3d 1182, 1189 (6th Cir. 1995), *cert. denied*, 517 U.S. 1212 (1996) (holding that CAPTA provisions that created eligibility requirements and implementing regulations for grants to assist the states in developing, strengthening, and carrying out child abuse and neglect prevention and treatment programs did not create a private cause of action).

Most district courts that have addressed this issue also have held that CAPTA does not create a private right of action. *See, e.g., Rodwell v. Cleveland, et al.*, 2010 WL 1417775, at *5 n.5 (E.D. Mich. Apr. 5, 2010) (rejecting the plaintiff's argument that the defendants, as state actors, could be held liable under 42 U.S.C. § 1983 for a substantive due process claim for violation of CAPTA because CAPTA does not create rights enforceable in such an action); *Ingrao v. County of Albany*, 2006 WL 2827856, at *6 (N.D. N.Y. Oct. 2, 2006) (dismissing the plaintiffs' claim under CAPTA because they "failed to demonstrate that any provision of CAPTA provides for an independent private right of action, or that an implied right of action exists pursuant to 42 U.S.C. § 1983 for a violation of this act"); *Hilbert S. v. County of Tioga*, 2005 WL 1460316, at *14 (N.D. N.Y. June 21, 2005) (dismissing the plaintiff's 42 U.S.C. § 1983 claim premised upon an alleged violation of CAPTA because "CAPTA does not create clear and unambiguous obligations on the State that arise to the level of an enforceable right").[2]  Two district courts have been willing to recognize an

---

[1] Although authority from another circuit of the United States Court of Appeals is not binding, it is considered persuasive authority. *Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985).

[2] *See also Charlie H. v. Whitman*, 83 F. Supp. 2d 476, 496-97 (D. N.J. 2000) (holding that CAPTA does not create a private right of action under 42 U.S.C. § 1983); *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 648-49 (E.D. Pa. 1999) (holding that "CAPTA clearly does not create a private right of action under 42 U.S.C. § 1983"); *A.S. v. Tellus*, 22 F. Supp. 2d 1217, 1224 (D. Kan. 1998) (granting summary judgment to the defendant on the plaintiff's claim for violation of CAPTA because CAPTA does not create a private right of action); *Doe v. Dist. of Columbia*, 93 F.3d 861, 868 (D.C. Cir. 1996) (holding that a violation of CAPTA's

4

individual claim for injunctive relief, but not monetary damages, under CAPTA. *See Marisol A. v. Giuliani*, 929 F. Supp. 662, 683-84 (S.D. N.Y. 1996); *Jeanine B. v. Thompson*, 877 F. Supp. 1268, 1286 (E.D. Wis. 1995).

The Plaintiff's amended complaint should be dismissed with prejudice because she cannot bring a private action under CAPTA, either directly or under a federal civil rights statute such as 42 U.S.C. § 1983. Furthermore, even if a private right of action existed under CAPTA, the Plaintiff has not alleged any facts to support a violation of the Act by the Defendant. For example, she has not alleged that the Defendant violated any of the purposes for which it receives federal funding, which are enumerated in 42 U.S.C. § 5106a(b). Rather, she has alleged only that PMS was treated unfairly by her teachers and school administrators and bullied by classmates, actions which are not covered by CAPTA. Finally, even if the Plaintiff could demonstrate a private right of action to sue under CAPTA, she would only have a right to seek prospective relief, which is not requested in the amended complaint. She is seeking only monetary damages, which are not available under the Act.

---

requirement of promptly investigating reports of child abuse does not give rise to a private cause of action under 42 U.S.C. § 1983 because CAPTA is a funding act creating only generalized duties); *Baby Neal v. Ridge*, 1995 WL 728589, at *5 (E.D. Pa. Dec. 7, 1995) (reaffirming its holding on reconsideration that CAPTA "does not give rise to an enforceable private right of action under 42 U.S.C. § 1983"); *Eric L. v. Bird*, 848 F. Supp. 303, 313 (D.N.H. 1994) (holding that CAPTA does not confer a right subject to private enforcement under 42 U.S.C. § 1983 to have the state's child protection laws "effectively" enforced); *Baby Neal v. Casey*, 821 F. Supp. 320, 329 (E.D. Pa. 1993), *rev'd on other grounds*, 43 F.3d 48 (3d Cir. 1994) (holding that CAPTA does not give rise to an enforceable private right of action under 42 U.S.C. § 1983); *Matter of Baby K*, 832 F. Supp. 1022, 1029 (E.D. Va. 1993) (finding that there is no private right of action against a health care provider under CAPTA because the statute only authorizes states which receive federal grants for child abuse and neglect programs to bring legal action through their child protective services agencies to prevent medical neglect of disabled infants); *Jensen v. Conrad*, 570 F. Supp. 91, 112-13 (D. S.C. 1983), *aff'd*, 747 F.2d 185 (4th Cir. 1984) (holding that CAPTA does not give plaintiffs a "right to be unqualifiedly protected from, or free from, abuse within the contemplation" of 42 U.S.C. § 1983).

IV.  **The Plaintiff Cannot Bring A Private Action Under NCLB.**

Like CAPTA, NCLB also does not provide for a private right of action. *Horne v. Flores*, 129 S. Ct. 2579, 2598 n.6 (2009). NCLB is enforceable only by the agency charged with administering its provisions. *Id.* Without statutory intent, a cause of action does not exist, and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. *Id.* Accordingly, to the extent that the Plaintiff has brought her claims under NCLB, they must be dismissed with prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, the Defendant respectfully requests that this Court enter an order dismissing the Plaintiff's amended complaint for failure to comply with pleading requirements and for failure to state a claim upon which relief can be granted.

DATED this 7th day of March, 2011.

Respectfully submitted,

/s/ Thomas M. Gonzalez
Thomas M. Gonzalez
Florida Bar No.: 192341
Jennifer L. Watson
Florida Bar No.: 34440
Thompson, Sizemore, Gonzalez, & Hearing, P.A.
201 North Franklin Street, Suite 1600
Tampa, Florida 33602
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
tgonzalez@tsghlaw.com
jwatson@tsghlaw.com
Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served the foregoing via United States Mail to the following:

Penelope R. Fletcher
13352 Laraway Drive
Riverview, Florida 33579

/s/ Thomas M. Gonzalez
Attorney