UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PENELOPE R. FLETCHER,

    Plaintiff,

v.                                                                              CASE NO: 8:10-cv-2597-T-23EAJ

HILLSBOROUGH COUNTY SCHOOL
BOARD,

    Defendant.
_____/

**ORDER**

A February 2, 2011, order (Doc. 11) finds that the pro se plaintiff (1) fails to identify unambiguously the law under which she sues, (2) fails to allege exhaustion of administrative remedies (as required by both the Rehabilitation Act and the Americans with Disabilities Act (the "ADA")), and (3) fails to comply with both the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. The order (Doc. 11) permits the plaintiff to file an amended complaint and warns that the complaint "is susceptible to dismissal with prejudice to the extent that the plaintiff fails to address the issues delineated in th[e] order and to otherwise comply with both the Local Rules and the Federal Rules of Civil Procedure." The plaintiff files (Doc. 15) an amended complaint, asserts a claim under the Child Abuse Prevention and Treatment Act (the "CAPTA") and the No Child Left Behind Act (the "NCLBA"), and omits her claim under the Rehabilitation Act and the ADA. The defendant moves (Doc. 16) to dismiss and argues (1) that the complaint fails to comply with the pleading requirement under Rule 8(a), Federal Rules of Civil Procedure, and (2) that neither the CAPTA nor the NCLBA

provides a private right of action. More than a month has elapsed and the plaintiff fails to respond.<sup>*</sup>

As the defendant correctly explains, neither the CAPTA nor the NCLBA creates a private right of action. See Tony L. v. Childers, 71 F.3d 1182, 1190 (6th Cir. 1995), cert. denied, 517 U.S. 1212 (1996); Horne v. Flores, 129 S.Ct. 2579, 2598 n.6 (2009) (Alito, J.). Accordingly, because neither the CAPTA nor the NCLBA creates a private right of action and because the plaintiff fails to comply both with Rule 8(a), Federal Rules of Civil Procedure, and the Local Rules, the motion (Doc. 16) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**, and the Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on April 20, 2011.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

<sup>*</sup> Local Rule 3.01(b) requires that a party opposing a motion file within fourteen days a response that includes a memorandum of legal authority in response to the motion. Rule 6(d), Federal Rules of Civil Procedure, allows an additional three days if the opposing party receives the motion either by electronic means or by U.S. mail.